# IN THE U.S. DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DANIEL CARPENTER,**

    Petitioner,

v.

**J. BALTAZAR,**
**WARDEN, USP NEW CANAAN,**

    Respondent.

Civ. No. _____

FILED
SCRANTON

NOV 18 2018

PER _____
DEPUTY CLERK

---

## PETITION FOR HABEAS RELIEF UNDER 28 U.S.C. § 2241

---

NOW COMES DANIEL CARPENTER, by himself, to respectfully move this Court for habeas relief under Section 2241 of Title 28, U.S. Code, to require the Respondent to consider him for community placement without basing this consideration on a factually inaccurate conclusion about a separate legal matter which is no longer a pending charge and has not interposed any current detainer. In support, he states as follows:

### A. PERSONAL INFORMATION

1. My name is Daniel E. Carpenter. I have never used any other names.

2. I am currently incarcerated at men's satellite camp at USP Canaan, P.O. Box 200, Waymart, PA 18472. My Federal Register number is 90792-038.

3. I am currently in custody pursuant to federal authority.

4. I am serving a 36 month sentence for violation of federal wire fraud laws. I was found guilty on August 8, 2005 of six counts in Case No. 1:04-cr-10029-GAO-1 in the U.S. District Court for the District of Massachusetts. I appealed, and that appellate and retrial process lasted over 8

years. I was out on bail pending appeal during that entire time. Eventually, I was sentenced on March 4, 2014 and entered custody in June.

## B. DECISION OR ACTION I AM CHALLENGING

5. In this petition, I am challenging the Bureau of Prison's (BoP) determination not to allot me any home or other residential community confinement (RRC) under 18 U.S.C. §§3621(b) and 3624(c). The latter statute specifically obligates the director of the BoP to "*ensure* that a prisoner serving a term of imprisonment spends a portion of the final months of that term…under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community", and provides at (c)(2) that it " may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." These statutes are implemented in BoP Program Statement Nos. 7320.01, CN-1 "Home Confinement" (9/6/95) and 7310.04, "Community Corrections Center Utilization and Transfer Procedures" (12/16/98). Program Statement No. 7320.01 provides that "[h]ome confinement is a time of testing and an opportunity for inmates to assume increasing levels of personal responsibility while providing sufficient restriction to promote community safety and continue the sanction of the sentence." Id., at 1. The BoP is required to ensure that each appropriate inmate is placed on home confinement as soon as otherwise eligible. Id., at 3. Home confinement is the preferred placement for those inmates who have established employment and residency. BoP Memorandum dated May 24, 2013, at 2-3. Generally, Program Statement 7310.04 states a preference for community placement unless a clear impediment exists, and requires that community placements assess inmate need for services, public safety, and responsible management of inmate population. Four internal BOP memoranda (April 14 and November 14, 2008, June 24, 2010 and May 24, 2013) guide implementation of the expanded, 12 month RRC authority enacted by the Second Chance Act of 2008 (Pub. L. 110-

199, 122 Stat. 657). This guidance requires <u>individualized</u> analysis of each inmate's eligibility for community placement. See also 28 C.F.R. 550.22. PS No. 7310.01 states at p. 11, sec. (f) that those inmates with "**unresolved pending charges, or detainers**, which will likely lead to arrest, conviction, or confinement" are not appropriately considered for RRC placement (emphasis added).

6. Specifically, I am challenging the BoP's denial of home confinement placement for me based on the fact that I am due to be sentenced in another federal case at some point next year, and likely towards the end of next year. I was found guilty in the District of Connecticut in Case No. 3:13-cr-00226-RNC-1 on June 6, 2016 of 24 counts of wire and other fraud and related money laundering counts. I attended that trial while still in custody on my current case. In the Connecticut case, the judge has advised that my sentencing, if necessary, will not occur until several months after my Rule 29 and 33 post-trial motions are decided. My home confinement eligibility date was October 10, 2016. My mandatory 10% release date is January 26, 2017. A tentative re-entry plan was approved by my U.S. Probation Officer in Connecticut in December 2015, including home approval. U.S. Probation also approved me for Federal Location Monitoring program. Notwithstanding, the current USP Canaan Camp Administrator Paul Gibson has denied me home confinement placement because he anticipates that I will be re-incarcerated after sentencing on the Connecticut case. See Letter to Attorney Brown dated October 11, 2016, attached. FPC Warden J. Baltazar upheld that denial on October 26, 2016, stating that because I had a "pending charge" I could not be considered for home confinement. There is no detainer issued by the Connecticut court.

## C. EARLIER CHALLENGES

3

7. I have filed with the BoP grievances under its formal Administrative Remedy process seeking redress on this issue. The BoP grievance procedure is set forth in BOP Program Statement No. 1330.13, "Administrative Remedy Program," (8/13/2002). That regulation provides for a multi-step grievance process. An inmate first seeks informal resolution (a "BP-8"), then files a "BP-9" grievance with the prison, then a "BP-10" grievance with the BOP regional authority, and finally a "BP-11" with the BoP Central Office in Washington. In my case, on this issue, I filed numerous informal requests, including a BP-8, in September of 2016 and a BP-9 on October 19. The BP-9 was denied on October 26, 2016. I filed a BP-10 on November 4, 2016, for which technical corrections were requested by the Northeast Regional Office. I have resubmitted that form and filed a BP-11 as well. None of the BoP denials addressed the fact that: 1) I no longer have any pending charges, and my sentence is not expected to be imposed for many months, until after my post-trial motions have been heard and decided in the Connecticut case, well into 2017; and 2) I was out on bail pending appeal for over 8 years in the Boston case.

8. I have filed no further appeals to the BoP or any other administrative agency.

9. The instant petition is my only filing in any judicial forum relative to the community placement claim herein.

10. I have several motions challenging the validity of my conviction in the Massachusetts case, including my 28 U.S.C. § 2255 Motion which has been pending there for 18 months. I have never sought leave of any federal court to file a second or successive motion under 28 U.S.C. § 2255.

11. This case does not concern any ongoing immigration proceeding.

12. I have no other motion or applications pending in any forum about the community placement issue I raise in this petition.

4

## D. GROUNDS FOR MY CHALLENGE IN THIS PETITION

13. I am being held in violation of the Constitution and laws of the United States based on the following grounds:

A. The BoP violated my Due Process rights by failing to follow its statutory mandate under 18 U.S.C. § 3621(b) to consider each of the listed five criteria in making an individualized determination of my eligibility for community placement, and to follow its own policy to prefer home confinement for those inmates who had established work and residency, and instead relying on a factually erroneous determination that I had pending charges which disqualified me for community placement.

B. The BoP violated my Due Process rights by failing to follow its statutory mandate under 18 U.S.C. §3624(c) to ensure that I spend a portion of the final months of my sentence under conditions that will afford me the best opportunity to adjust to and prepare for my re-entry when it concluded I was ineligible for home confinement directly contrary to its own policy.

C. The BoP violated my Due Process rights by acting arbitrarily, contrary to my constitutional and statutory rights and to procedures required by law, and in a manner unwarranted by the facts when it found me ineligible for home confinement based categorical elimination of any inmate who "faces a pending charge or detainer."

## E. REQUEST FOR RELIEF

I pray this Court to enter an order requiring the BoP within 48 hours of the date of said order to fully consider each of the 5 factors listed in 18 U.S.C. §3621(b) and its obligation and duty under §3624(c) to give me up to 12 months of Halfway House, RRC, or Home Confinement, in evaluating my eligibility for community placement, and to do so while expressly considering what conditions are needed for me to have the best opportunity to adjust to and prepare for my

re-entry. This Court should further require the BoP to make this consideration without categorical determinations, based on factually accurate information, in accord with its established policy that all inmates are eligible for community confinement, and that that home confinement is a preferred placement for those individuals with established employment and residence. Such actions and determinations by the BoP shall be provided in writing to petitioner and to this Court five business days of the date of the issuing court order.

### F. DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the petitioner herein, that I have read this petition, and that the information in this petition is true and correct to the best of my knowledge and belief.

*Daniel E Carpenter*

Date:   November 15, 2016

Daniel Carpenter
Fed. Reg. 90792-038
USP Canaan Satellite Camp
P.O. Box 200
Waymart, PA 18472

# ATTACHMENTS

1. BoP grievances
2. District of Connecticut orders extending sentencing
3. Letter of P. Gibson, October 11, 2016 to Attorney R. Brown

REJECTION NOTICE - ADMINISTRATIVE REMEDY

ebd DATE: NOVEMBER 7, 2016

FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTHEAST REGIONAL OFFICE

TO : DANIEL CARPENTER, 90792-038
CANAAN USP   UNT: G UNIT   QTR: G01-047L
PO BOX 400
WAYMART, PA 18472

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 878360-R1        REGIONAL APPEAL
DATE RECEIVED  : NOVEMBER 4, 2016
SUBJECT 1      : OTHER COMMUNITY PROGRAMS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: SEE REMARKS.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : YOU DID NOT SUBMIT AN ORIGINAL DUPLUCATE (ONE OF THE
                 BLUE CARBON COPIES) OF THE BP9 YOU COMPLETED. ALSO
                 PLEASE COMPLETE PART A OF THE FORM.

## U.S. Department of Justice
### Regional Administrative Remedy Appeal
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **CARPENTER DANIEL E. 90792-038 Unit G USP CANAAN**
LAST NAME, FIRST, MIDDLE INITIAL / REG. NO. / UNIT / INSTITUTION

**Part A - REASON FOR APPEAL**

Please see attached letter explaining my situation in greater detail. The staff at FPC Canaan are in violation of the Second Chance Act and Section 3624(c) and they are referencing a section of BOP PS 7310.04 that was superseded by ... memos in 2008, 2010, and 2013. [illegible redacted text] ... date of Oct 20, 2016 and BY ... full term date of January 26, 2017 ... BOP's own regulations and Program Statements as well as 3624(c). Thank you.

Date: Oct 28 2016

Signature of Requester: [signature — Daniel E. Carpenter]

**Part B - RESPONSE**

DATE / REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: **878360-R1**

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL / REG. NO. / UNIT / INSTITUTION

SUBJECT: _____

DATE _____ SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN

BP-230(13)
JUNE 2002

Dear Director Carvajal:

I am appealing the denial of community placement. I have extensive re-entry needs to accomplish, have no detainers or open charges and am scheduled to release **directly to the community on January 26, 2017**. Aside from my urgent re-entry needs to secure employment and support my family, I also need to be in close proximity to my counsel for legal visitation for the case in which I am on bond.

The BP-8 response conflicts with the law, BOP policy intent, the previous letter from Warden Maiorana and internal memoranda distributed by the BOP Office of General Counsel. Specifically, I have been informed in writing that I am **ineligible** for community placement (see attached-BP-8 issued 9-24-16). The BP-9 reply is also erroneous and infers I will be incarcerated if transferred to the community prior to my release date. This misstated inference is contrary to policy intent, because the BOP does not place offenders in the community who will be arrested or detained upon their return due to open warrants or charges, which is not the case here.

Specifically, I am NOT "ineligible" as indicated on the BP-8. The aforementioned policy and guidance documents are clear and indicate I am eligible for community placement. Even before I was granted bail in the District of Connecticut, Warden Maiorana acknowledged my eligibility in a letter to my counsel. Since that time, my sentencing was postponed until after I release from the instant offense, and in the Connecticut matter, I am out on bail.

**Facility staff initially advised me that if my sentencing was postponed until after my release date, then they would prepare a referral. I did exactly what I was told and now am being told I am "ineligible".**

The District of Connecticut case is not "pending" and was recently resolved with a verdict that will be challenged by several substantive post-trial briefs that require me to be on Home Confinement so that I can work with my attorneys on them. It could potentially be many months or years until resolution. My release plan has been investigated and approved by the US Probation Office. I realize my situation is unique; however, the denial of my ability to accomplish re-entry goals is simply contrary to the law and policy.

I respectfully request placement to direct home confinement as I am past eligibility. I have already been denied placement in the RRC to accomplish my re-entry goals and each day is very important to accomplishing my re-entry goals.

Respectfully Submitted,

/s/ Daniel E. Carpenter
Daniel E. Carpenter
Reg. No. 90792-038
FPC Canaan, Satellite Camp
P.O. Box 200
Waymart, PA 18472

U. S. Department of Justice    **Request for Administrative Remedy, Part B - Response**
Federal Bureau of Prisons
USP, Canaan, Pennsylvania

---

Name: CARPENTER, Daniel
Reg. No.: 90792-038
Admin. Remedy No.: 878360-F2

---

This is in response to your Request for Administrative Remedy, which was received in this office on October 19, 2016. You are requesting to be reconsideration for Residential Reentry Center (RRC) placement.

Program Statement 7310.04, CCC Utilization and Transfer Procedures, indicates inmate with detainers or pending charges are not ordinarily referred for placement. Although you do not have a detainer, you do have open charges in the District of Connecticut which will likely lead to incarceration. Specifically, on June 6, 2016, Judge Chatigny, District of Connecticut, found you guilty on each count of the superseding indictment. Based on your role in the offense, it is very likely you will be sentenced to a term of incarceration. Accordingly, a transition thru a RRC would be unnecessary and inappropriate.

Based on the above information, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(10) to the Regional Director, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 2nd and Chestnut Street, Philadelphia, PA 19106.

J. Baltazar, Warden              10/26/16
                                  Date

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

From: **CARPENTER, DANIEL E.    90792-038    Unit-G    FPC-Canaan**
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A— INMATE REQUEST**

I am appealing the denial of my BP-8 seeking Home Confinement (HC) as of 10-11-16, as all inmates are eligible for HC pursuant to 18 USC §3624(c)(1). Please confirm this with Mr. Brent Kiser, RRM Administrator, at 202-305-8906. The BP-8 response is inaccurate and conflicts with the BOP policy as stated in letters from the BOP's own General Counsel, and with the previous Warden's letter to my attorneys stating that I was "eligible" for HC. Facility staff told me to get a letter from the Judge stating that my sentencing would be after my release date of 1-26-17. I got 2 orders from the Judge, and I have always been on bond in the CT case. There are no detainers or unresolved charges against me. I am a "perfect" candidate for direct placement to Home Confinement and FLM according to BOP's own memos. CT Probation has already inspected my home and my re-entry plans. I have substantial re-entry needs and request direct placement on HC on 10-11-16 or ASAP. Thank you.

Oct-6-2016
DATE                                                SIGNATURE OF REQUESTER

**Part B— RESPONSE**

---

DATE                                                WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: 878360-F1

---

                                                    CASE NUMBER: _____

**Part C— RECEIPT**

Return to: _____
                LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

DATE                                                RECIPIENT'S SIGNATURE (STAFF MEMBER)

LVN                                                                                                        BP-229(13)
                                                                                                          APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 6, 2016

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CANAAN USP

TO  : DANIEL CARPENTER, 90792-038
      CANAAN USP    UNT: G UNIT    QTR: G01-047L
      PO BOX 400
      WAYMART, PA 18472

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID        : 878360-F1       ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED    : OCTOBER 6, 2016
SUBJECT 1        : OTHER COMMUNITY PROGRAMS
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS         : ATTACH COPY OF BP8

Please see enclosed copy of "original BP-8
as evidence of "attempt at informal resolution"
Thank you
Daniel Carpenter 90752-038

## ATTEMPT AT INFORMAL RESOLUTION
(Request for Administrative Remedy)

The Federal Bureau of Prisons Program Statement 1330.13, Administrative Remedy Program, dated December 22, 1995, requires that inmates attempt to informally present their complaint to staff and allow staff to attempt to informally resolve any issue prior to the Inmate filing a Request for Administrative Remedy, BP.229(13). If informal resolution is unable to be accomplished, the Inmate will be given a BP.229(13) form.

**TO BE COMPLETED BY INMATE**

INMATE'S NAME: Carpenter, Daniel    REG. NO.: 90792038    UNIT: SCP

1. Complaint (be specific. If related to UDC appeal, specify relevant section of Inmate Discipline Policy): I respectfully request that the Warden honor my Home Confinement Date of Oct 10, 2016 as provided for in the BOP's own Program Statements, and to have Mr. Dunstone immediately submit my RRC Referral paperwork with a release date of Oct 11, 2016. Please consider with this BP-8 request form the letters that I have sent to Mr. Gibson and Mr. Dunstone previously.

2. What resolution is requested/expected: Please allow Mr. Dunstone to file my RRC Referral Package with a release date of Tuesday Oct 11, 2016 listed on the RRC form as described in the June 24, 2016 Memorandum attached to my letter to Mr. Dunstone with this BP-8 Request, Thank you

**TO BE COMPLETED BY STAFF**

3. Summary of investigation (place response on this form): Ineligible for RRC placement due to pending criminal case in the District of Connecticut, in accordance with P.S. 7310.04

4. What actions were taken to resolve this matter informally (place response on this form): Eligibility reviewed in accordance with P.S. 7310.04.

5. Explain reasons for no resolution (place response on this form): Inmate does not wish to informally resolve. USP Canaan does not support RRC placement.

Date & Time Issued (BP-8): 9-24-16 3:30pm    Unit Team Member: J. Dunstone
Date & Time Returned (BP-8): 9-29-16 10:00am   Unit Team Member: J. Austin
Date & Time Investigation on BP-8 Completed and (BP-9)BP229(13) Issued: 10/3/16

Camp Administrator/Unit Manager Signature: _____

Distribution: (1) If complaint is informally resolved, forward the original, signed and dated by the inmate, to the Unit Counselor for filing.
(2) If complaint is not informally resolved, forward the original (attached to BP-229(13) form) to the Warden's Office.

On _____, this issue was informally resolved.



U.S. Department of Justice

Federal Bureau of Prisons

*United States Penitentiary Canaan*

---

Post Office Box 400
Waymart, Pennsylvania 18472

October 11, 2016

Richard Brown
Brown Paindiris & Scott LLP
100 Pearl Street
Hartford, Connecticut 06103

RE: CARPENTER, Daniel
Reg. No.: 90792-038

Dear Mr. Brown,

I have received your letter dated September 22, 2016, concerning the above referenced inmate. You have requested reconsideration of our denial of Mr. Carpenter's request for placement in a Residential Re-entry Center (RRC) prior to his projected release date.

Program statement 7310.04, CCC Utilization and Transfer Procedures indicates inmates with detainers or pending charges are not ordinarily referred for placement. Although Mr. Carpenter does not have a detainer, he does have open charges in the District of Connecticut which will likely lead to incarceration. Specifically, on June 6, 2016, Judge Chatigny, District of Connecticut, found Mr. Carpenter guilty on each count of the superseding indictment. The intent of RRC placement is to allow an inmate to transition out of a correctional facility as he prepares for release to the community. Based on his role in the offense, it is very likely he will be sentenced to a term of incarceration. Accordingly, a transition thru a RRC would be unnecessary and inappropriate.

I trust I have addressed your concerns. Should you have any additional questions, please do not hesitate to contact me.

Sincerely,

Paul Gibson
Camp Administrator

| 08/17/2016 | 222 | ORDER granting 221 Motion for Extension of Time as to Daniel Carpenter (1) to 12/15/2016 to file Post-conviction motions; to 1/5/2017 to file a Response; to 1/19/2017 to file any Reply. Signed by Judge Robert N. Chatigny on 8/17/2016. (Rickevicius, L.) (Entered: 08/17/2016) |
|---|---|---|
| 08/30/2016 | 223 | MOTION for Extension of Time for Sentencing until 21 days after the Court's rulings on post-trial motions. by Daniel Carpenter. (Brown, Richard) (Entered: 08/30/2016) |
| 09/02/2016 | 224 | ORDER granting 223 Motion for Extension of Time of Sentencing as to Daniel Carpenter (1) until 21 days after the Court's rulings on post-trial motions. Signed by Judge Robert N. Chatigny on 9/2/2016. (Rickevicius, L.) (Entered: 09/02/2016) |

November 15, 2016

Clerk of Court
U.S. District Court
Middle District of Pennsylvania
PO Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148

Dear Clerk of Court:

Enclosed please find a § 2241 habeas petition and a Rule 65(b) preliminary injunction motion, with supporting memorandum and affidavits. I am also requesting a **Temporary Restraining Order.** I understand these filings will receive expedited treatment from the Court.

I am currently incarcerated at the satellite camp for men at USP Canaan in Waymart, PA. Should the Court need to reach me to arrange a hearing in which I may participate telephonically, I can be reached via the camp counselor, Mr. John McDonald or Mr. Dunstone, the case manager. The phone number to the camp is 547-488-8200.

Please advise me at your earliest convenience as to further proceedings on this matter. Thank you.

Sincerely,

*Daniel E. Carpenter*

---

Daniel E. Carpenter
Fed. Reg. 90792-038
USP Canaan Satellite Camp
P.O. Box 200
Waymart, PA 18472

**PRIORITY MAIL**

D. Carpenter 90792-038
USP Canaan Camp
PO Box 200
Waymart PA 18472

MAILING ENVELOPE
RECEIVED
SCRANTON
NOV 18 2016

No FEE
enclosed

US POSTAGE PAID
$6.45
PRIORITY MAIL 2-Day
Expected Delivery Day: 11/17/2016
USPS TRACKING NUMBER
9505 5130 1564 6320 0232 60

CLERK of COURT
Middle Dist PA
PO Box 1148
235 N Washington Ave
Scranton PA 18501-1148

✱ TRO Requested

