# IN THE U.S. DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DANIEL E. CARPENTER**

    Petitioner,

v.

**J. BALTAZAR,**
**WARDEN, USP CANAAN**

    Respondent.

Civ. No. _____

Petition for Temporary Restraining Order and Preliminary Injunction under Rule 65 of the Federal Rules of Civil Procedure

FILED SCRANTON NOV 18 2018 PER _____ DEPUTY CLERK

DANIEL CARPENTER, by himself, respectfully moves this Court for a temporary restraint and preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. In support he states:

1. I am and at all times mentioned in this complaint have been a natural person temporarily residing in Wayne County, Pennsylvania at the men's satellite camp at USP Canaan in Waymart, Pennsylvania,

2. At all times alleged herein, I enjoyed a constitutional right to due process of law in being considered by BoP staff at USP Canaan, and by other BoP staff at various locations in Philadelphia, PA and Washington, D.C. for community residential placement prior to my release from custody, which placement may include a period of home confinement. I am entitled by statute to be evaluated for

such placement on an individual basis, considering (1) the resources of the facility contemplated; (2) the nature and circumstances of my offense; (3) my personal history and characteristics; (4) any relevant statement by the sentencing court and (5) any pertinent policy statement issued by the Sentencing Commission. I was also entitled for this determination to be made "under conditions that [would] afford [me] a reasonable opportunity to adjust to and prepare for reentry into the community." Section 3624(c) of title 18, U.S. Code. Under BoP policy, when an inmate has an approved residence and employment, those reentry needs are deemed best met by a home confinement period. All such determinations are to be made based on factually accurate information.

3. Respondent J. Baltazar is currently Warden at USP Canaan. As such, Warden Baltazar is responsible for the terms and conditions of my incarceration, including whether I serve the end portion of my incarceration in community placement. Warden Baltazar is also responsible for continuing decisions made by his predecessors.

4. Beginning on or about June 2016, Respondent Baltazar wrongfully and unlawfully failed to make an individualized assessment of my eligibility for community residential placement based on the five statutory factors. Specifically, Respondent Baltazar wrongfully implemented BoP policy that barred inmates with a pending charge or detainer from community confinement. Mr. Baltazar's

implementation is wrongful because it is factually inaccurate: I do not have a pending charge or detainer. By doing so, Respondent Baltazar has failed to afford me a reasonable opportunity to prepare for reentry.

5. By use of the BoP grievance process, I have sought to secure my constitutional right to due process and and my statutory right to individualized assessment of community placement providing me a reasonable opportunity to adjust to reentry.

6. Respondent Baltazar's continuation of wrongful denial of community placement of me, unless and until enjoined and restrained by order of this court, will continue to cause great and irreparable injury to me by diminishing my ability to reestablish family and community ties, to provide for my family, to maintain a home, to obtain employment, and to secure my retirement. A continuation of this wrongful denial will also cause irreparable damage to my constitutional right actively to participate in and work with my attorneys regarding my sentencing and post-trial work in a separate criminal case in the District of Connecticut. The charge in that case was resolved in June of 2016, when I was convicted after a bench trial. However, I am advised by the court that sentencing will take place some months after post-trial motions are resolved, which is expected to be late 2017.

7. I have no adequate remedy at law for these continued injuries as an award of monetary damages would not make me whole. The loss of employment

3

opportunity, of the opportunity to rebuild family and social ties, to obtain needed medical care, and to assist my attorneys with sentencing and post-trial issues in an extremely factually complex case cannot be repaired by compensation. For this reason, I request this Court enjoin Respondent Baltazar from failing to consider me fairly and individually for community placement, from basing a decision to deny me community placement on factually incorrect information, from ignoring stated BoP policy regarding home confinement and from failing to provide me a reasonable opportunity for sustainable reentry.

WHEREFORE, Plaintiff prays judgment against Respondent, as follows:

1. For an order requiring Respondent to show cause, if any he has, why he should not be enjoined as set forth in this Complaint, during the pendency of this habeas action;

2. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Respondent, and his agents, servants, and employees, and all persons acting under, in concert with, or for him from (a) failing to consider me fairly and individually for community placement, (b) making said determination based on factually inaccurate information and in a manner that conflicts with BoP policy, and (c) failing to provide me a reasonable reentry opportunity;

4. For costs of suit incurred in this action; and

5. For such other and further relief as the court deems proper.

4

DATED: November 15, 2015

*Daniel E. Carpenter* (signature)

---

Daniel E. Carpenter
Fed. Reg. 90792-038
USP Canaan Satellite Camp
P.O. Box 200
Waymart, PA 18472