BDB:MEM:cer

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL CARPENTER,** | : | **NO. 3:16-cv-2327** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **(Kosik, J.)** |
| | : | |
| **J. BALTAZAR,** | : | |
| **Respondent** | : | **Electronically Filed** |

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Respondent, Warden Baltazar, respectfully submits this Response to the Petition for Writ of Habeas Corpus filed by Daniel Carpenter to challenge the Federal Bureau of Prisons' (BOP) decision to deny him a period of home confinement or placement in a Residential Re-Entry Center (RRC) at the end of his sentence. The Court should dismiss the petition because Carpenter failed to exhaust administrative remedies before he filed his petition. Alternatively, the Court should deny the Petition because the decision to deny Community Corrections programs based on Carpenter's history of pending federal charges is consistent with BOP policy and the BOP has sole discretion with respect to those decisions.

## I.  Procedural History

Carpenter is an inmate at the Satellite Prison Camp at the United States Penitentiary in Waymart, Pennsylvania (USP Canaan).  See Pet. (Doc. 1); Supp. Pet. (Doc. 2); Pet. For Temp. Restraining Order (Doc. 3); Mem. of Law (Doc. 4).  He claims the BOP incorrectly denied him home confinement or RRC placement based upon a 2016 wire fraud conviction for which he has yet to be sentenced.  See id.  He asserts that BOP policy which excludes inmates from Community Corrections programs when they have charges pending against them should not apply to him because there is no detainer in his case.  See id.  Carpenter claims he requires early release on home confinement to re-establish family ties, gain employment and work with an attorney to appeal his June 6, 2016 conviction.  See id.

Although Carpenter seems to claim that he exhausted the BOP's administrative remedy procedures or that he should be excused from the exhaustion requirement, documents attached to the petition reflect that he did not complete the administrative remedy process at the Central Office level before he filed his petition.  See id.  Carpenter filed a supplemental petition in which he attaches a Central Office

Administrative Remedy Appeal dated November 11, 2016.  <u>See</u> Supp.

Pet. (Doc. 2).  However, that document is not date stamped or assigned

an administrative remedy number, events which occur after the Central

Office receives an administrative remedy.  <u>See</u> <u>id.</u>

On November 30, 2016, this Court issued a show cause order

directing Respondent to respond to the petition by December 21, 2016.

<u>See</u> Order (Doc. 8).

## II.  Factual History

## A.  Exhaustion of Administrative Remedies

The BOP has a four-step administrative process "to allow an

inmate to seek formal review of an issue relating to any aspect of

his/her own confinement."  28 C.F.R. § 542.10(a).   The BOP

Administrative Remedy Program first requires that an inmate initially

attempt informal resolution of the matter.  <u>See</u> 28 C.F.R. § 542.13(a).

In the event an informal resolution is not reached, he may begin the

formal administrative process by submitting a written Request for

Administrative Remedy (on a Form BP-9) to the Warden within twenty

days.  <u>See</u> 28 C.F.R. §§ 542.13-14.  If the inmate is dissatisfied with the

Warden's response, he may appeal to the appropriate Regional Director

on a Form BP-10.  Id. at § 542.15.  If the response of the Regional

Director is not satisfactory, the inmate may then appeal, by way of a

Form BP-11, to the Central Office, which is the final administrative

appeal in the BOP.  Id.  No administrative remedy appeal is considered

to be fully exhausted until reviewed by the BOP's Central Office.  28

C.F.R. § 542.14.

Carpenter filed Administrative Remedy 878360-F1 at the

institution (BP-9 form) on October 6, 2016 seeking home confinement.

See Declaration of Michael Figgsganter (Ex. 1); Administrative Remedy

Generalized Retrieval (Attach. B) at 2.  However, Administrative

Remedy 878360-F1 was rejected because Carpenter failed to provide

evidence that he had first attempted informal resolution (BP-8 form)

prior to submission of his BP-9 at the institution (Code INF).  See

Declaration of Michael Figgsganter (Ex. 1); Administrative Remedy

Generalized Retrieval (Attach. B) at 2; Rejection Codes (Ex. 2); Pet.

(Doc. 1) at 13.  Carpenter was instructed that he could resubmit his

administrative remedy in proper form within five days (Code RSF) and

that he must attach a copy of his BP-8 to his submission.  See id.

Carpenter followed the instructions provided in his rejection notice and submitted Administrative Remedy 878360-F2 at the institution again seeking home confinement.  <u>See</u> Figgsganter Decl. (Ex. 1); Administrative Remedy Generalized Retrieval (Attach. B) at 2.  The Warden denied Administrative Remedy 878360-F2 on October 26, 2016, stating:

> Program Statement 7310.04, CCC Utilization and Transfer procedures, indicates inmate with detainers or pending charges are not ordinarily referred for placement.  Although you do not have a detainer, you do have open charges in the District of Connecticut which will likely lead to incarceration.  Specifically, on June 6, 2016, Judge Chatigny, District of Connecticut, found you guilty on each count of the superseding indictment.  Based on your role in the offense, it is very likely you will be sentenced to a term of incarceration.  Accordingly, a transition thru a RRC would be unnecessary and inappropriate.

<u>Id.</u>; Pet. (Doc. 1) at 11.

On November 4, 2016, Carpenter appealed the Warden's denial with Regional Administrative Remedy Appeal 878360-R1 (BP-10 form). <u>See</u> Declaration of Michael Figgsganter (Ex. 1); Administrative Remedy Generalized Retrieval (Attach. B) at 3; Pet. (Doc. 1) at 9-10.  The Regional Office rejected Administrative Remedy 878360-R1 on

November 7, 2016 because Carpenter failed to provide a copy of his institution administrative remedy request (Code IRQ) and because he failed to complete Part A of the form (Code OTH specified in remarks). See Declaration of Michael Figgsganter (Ex. 1); Administrative Remedy Generalized Retrieval (Attach. B) at 3; Rejection Codes (Ex. 2); Pet. (Doc. 1) at 8.  Carpenter was instructed he could resubmit Administrative Remedy 878360-R1 in proper form within ten days (Code RSR).  See id.

Carpenter attempted to resubmit his Regional Administrative Remedy Appeal on November 16, 2016 with Administrative Remedy 878360-R2, but the Regional Office again rejected it on November 17, 2016 because Carpenter failed to submit a complete set of four carbonized copies (Code QUA).  See Declaration of Michael Figgsganter (Ex. 1); Administrative Remedy Generalized Retrieval (Attach. B) at 3; Rejection Codes (Ex. 2); Pet. (Doc. 1) at 8.  Once again, Carpenter was instructed that he could resubmit his administrative remedy request in proper form within ten days (Code RSR).  See Declaration of Michael Figgsganter (Ex. 1); Administrative Remedy Generalized Retrieval (Attach. B) at 3; Rejection Codes (Ex. 2).

Carpenter filed the instant habeas corpus action on November 20,

2016 and the BOP's record of his administrative remedy submissions

indicates he subsequently attempted to submit his Regional

Administrative Remedy Appeal a third time, on November 30, 2013

with Administrative Remedy 878360-R3.  <u>See</u> Declaration of Michael

Figgsganter (Ex. 1); Administrative Remedy Generalized Retrieval

(Attach. B) at 4; Rejection Codes (Ex. 2).  However, the Regional Office

again rejected Carpenter's appeal because as untimely because it was

due by November 27, 2016.  <u>See</u> <u>id.</u>

BOP policy requires that an Administrative Remedy Clerk stamp

each administrative remedy form with the date received, enter the date

the administrative remedy was received in the BOP's SENTRY index,

and write the "Remedy ID" as assigned by SENTRY on the

administrative remedy form.  <u>See</u> Excerpt from Program Statement

1330.18, <u>Administrative Remedy Program</u> (Ex. 3).  The Central Office

Administrative Remedy Appeal dated November 11, 2016[1] that

Carpenter provides in his supplemental petition contains no evidence

---

[1] The date on the Central Office Administrative Remedy Appeal
predates the date of Carpenter's initial Regional Administrative
Remedy Appeal.

that the form was received by the Central Office as of December 7, 2016, the date BOP agency counsel researched Carpenters administrative remedies.  See Figgsganter Decl. (Ex. 1); Administrative Remedy Generalized Retrieval (Attach. B).

## B.    RRC/Home Confinement Consideration

Carpenter was considered for RRC placement on July 26, 2015. See Figgsganter Decl. (Ex. 1); RRC Consideration (Attach. D).  It was noted that he is serving a thirty-six-month sentence for wire fraud followed by a thirty-six-month term of supervision.  See id.  Carpenter arrived at USP Canaan on June 20, 2014 and has a projected release date of January 27, 2017.  See id.  However, prison officials noted that Carpenter was then being prosecuted for additional federal offenses. See id.

BOP policy provides, "Inmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction or confinement" shall not ordinarily participate in Community Corrections Center (CCC) programs, which include home confinement. <u>See</u> Figgsganter Decl. (Ex. 1); Program Statement 7310.04, <u>Community Corrections Center (CCC) Utilization and Transfer Procedure</u> §10(f) (Attach. C) at 10-11. Therefore, in light of Carpenter's pending charges in the community, he was ineligible for RRC placement or to be reviewed for a Home Detention Eligibility Date (HDED) prior to his projected release date. <u>See</u> <u>id.</u>

On June 6, 2016, the United States District Court for the District of Connecticut found Carpenter guilty of forty-seven counts of wire fraud, mail fraud, money laundering, illegal monetary transactions and conspiracy based on a complex fraudulent life insurance scheme. <u>See</u> <u>United States v. Carpenter</u>, D. Conn. Case No. 3:13-CR-226, Verdict and Special Findings, ECF No. 212 (provided as Attach. E to Ex. 1).  On December 2, 2016, the sentencing court granted Carpenter's second request for an extension of time to file post-conviction motions, extending his deadline to March 15, 2017, and noting no additional

extensions will be granted.  See United States v. Carpenter, D. Conn.
Case No. 3:13-CR-226, Order, ECF No. 226.  Sentencing will occur
twenty-one days after the Court rules on his post-trial motions.  See
United States v. Carpenter, D. Conn. Case No. 3:13-CR-226, Order,
ECF No. 224.

Documents attached to the Petition reflect that the Warden
informed both Carpenter and his attorney that, although he does not
have a detainer, it is believed that the charges against him will lead to
his incarceration based on his conviction and his role in the offense.  See
Pet. (Doc. 1) at 11, 15.  As a result, the Warden deems a transition into
the community to be unnecessary.  See id.

### III.  Question Presented

A.    Whether the Court should dismiss the Petition because
      Carpenter failed to exhaust administrative remedies?

B.    Alternatively, whether the Court should deny the
      Petition because the decision to deny Carpenter RRC
      placement or home detention is consistent with BOP
      policy and the BOP has sole discretion with respect
      inmate Community Corrections programs?

## IV.  Discussion

### A.  This Court should dismiss the Petition because Carpenter did not exhaust administrative remedies.

The BOP's computerized record of Carpenter's administrative remedy submission clearly reflects that Carpenter filed no administrative remedies at the Central Office before he filed the Petition on November 21, 2016.  See Figgsganter Decl. (Ex. 1); Administrative Remedy Generalized Retrieval (Attach. B).

Although there is no statutory exhaustion requirement applicable to habeas petitions brought pursuant to 28 U.S.C. § 2241, contrary to Carpenter's assertion, the courts have observed that prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241.  Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Marti v. Nash, 227 Fed. Appx. 148, 150 (3d Cir. 2007); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000).  Exhaustion is required to facilitate judicial review through the agency's development of a factual record, to conserve judicial time if the agency grants the relief sought, and to preserve administrative autonomy by allowing an agency the opportunity to correct its own errors.  Moscato, 98 F.3d at 761-62; see

11

also <u>Arias v. United States Parole Com.</u>, 648 F.2d 196, 199 (3d Cir. 1981).

A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate.   <u>Muhammad v. Carlson</u>, 739 F.2d 122, 123 (3d Cir. 1984); <u>see</u> <u>also</u> <u>Young v. Quinlan</u>, 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion of administrative remedies, however, is not required where administrative procedures are unavailable or incompetent to provide adequate redress or where exhaustion would be futile.   <u>Gambino v. Morris</u>, 134 F.3d 156, 171 (3d Cir. 1998) (holding exhaustion is not required when petitioner demonstrates that exhaustion is futile).

Exhaustion of administrative remedies is not rendered futile just because a prisoner anticipates he will not be unsuccessful in his administrative appeals due to a limited amount of time remaining on his sentence.   <u>See</u> <u>Torres v. Martinez</u>, Civ. No. 3:09-CV-1070, <u>slip</u> <u>op.</u> at 9 (M.D. Pa. Aug. 12, 2009) (Munley, J.) (copy attached).   In this case, although the BOP denied Carpenter RRC placement and home detention on July 26, 2015, he did not attempt to initiate the formal

administrative remedy process until October 6, 2016, nearly fifteen months after the decision.  <u>See</u> Figgsganter Decl. (Ex. 1); Administrative Remedy Generalized Retrieval (Attach. B).  He now brings this habeas action with approximately two months remaining on his sentence and seeks to be excused from the exhaustion requirement. <u>See</u> Pet. (Doc. 1); Mem. of Law (Doc. 4).

"[I]t is a principle controlling all habeas corpus petitions to federal courts, that those courts will interfere with the administration of justice . . . only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." <u>Torres</u>, <u>slip</u> <u>op.</u> at 6 (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 515-516 (1982) (quoting <u>Ex parte Hawk</u>, 321 U.S. 114, 117 (1944) (internal quotations and footnote omitted)); <u>see</u> <u>also</u>, <u>e.g.</u>, <u>Miceli v. Martinez</u>, No.1:08-CV-1380, 2008 WL 4279887 (M.D. Pa. Sept. 15, 2008) (Rambo, J.) (copy attached) (dismissing for failure to exhaust administrative remedies); <u>Coppola v. Warden, Allenwood Low Security Correctional Institution</u>, No. 3:09-CV-1859, slip op. (M.D. Pa. Nov. 6, 2009) (Conaboy, J.) (copy attached) (dismissing for failure to exhaust administrative remedies and noting that prisoner's delay in commencing administrative remedy procedures for six months

demonstrates an unwillingness to seek out administrative remedy); <u>see also</u>, <u>Stanley v. Ebbert</u>, No. 1:CV-10-1077, slip op. at *4-5 (M.D. Pa. June 29, 2010) (Kane, J.) (copy attached).

The Petition, which tacitly concedes that Carpenter failed to exhaust administrative remedies, contains misleading statements, claiming that Carpenter submitted numerous administrative remedy documents with some procedural difficulties and he has no further appeals available to him.  <u>See</u> Pet. (Doc. 1) at 4.  The Supplemental Petition, in which he produced a Central Office Administrative Remedy Appeal form dated November 11, 2016, but which does not evidence the document's receipt by the Central Office, is a further overt misrepresentation to the Court.  <u>See</u> Supp. Pet. (Doc. 2).  The record reflects that after the BOP provided Carpenter the Rejection Notice to Administrative Remedy 878360-R2, he filed his Petition in federal court and subsequently failed to timely resubmit his administrative remedy to the Regional Office.  <u>See</u> Figgsganter Decl. (Ex. 1); Administrative Remedy Generalized Retrieval (Attach. B).

In light of the aforementioned, the Court should reject Carpenter's attempts to evade the exhaustion requirement and dismiss the Petition

because he did not exhaust administrative remedies.  <u>Moscato</u>, 98 F.3d

at 760.

**B.   Alternatively, the Court should deny the Petition on its merits because the decision to deny Carpenter RRC placement or home detention is consistent with BOP policy and the BOP has sole discretion with respect inmate Community Corrections programs.**

Community Corrections assignments are governed by 18 U.S.C. §

3621(b) and §3624(c)(1), as amended by the Second Chance Act of 2007,

Pub. L. No. 110-199, April 9, 2008 (the Second Chance Act).   Section

3621(b) provides in pertinent part:

> (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> (1)    the resources of the facility contemplated;
> (2)    the nature and circumstances of the offense;
> (3)    the history and characteristics of the prisoner;
> (4)    any statement by the court that imposed the sentence-
>     (A)    concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B)    recommending a type of penal or correctional facility as appropriate; and
> (5)    any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) of title 28.
> . . .

Any order, recommendation, or request by a sentencing court
that a convicted person serve a term of imprisonment in a
community corrections facility shall have no binding effect
on the authority of the Bureau under this section to
determine or change the place of imprisonment of that
person.

18 U.S.C. § 3621(b).

Section 3624(c), "Prerelease custody," provides in pertinent part:

(1) In general.--The Director of the Bureau of Prisons shall,
to the extent practicable, ensure that a prisoner serving a
term of imprisonment spends a portion of the final
months of that term (not to exceed 12 months), under
conditions that will afford that prisoner a reasonable
opportunity to adjust to and prepare for the reentry of
that prisoner into the community.  Such conditions may
include a community corrections facility,

(2) Home confinement authority.-- The authority under this
subsection may be used to place a prisoner in home
confinement for the shorter of 10 percent of the term of
imprisonment of that prisoner or 6 months.
. . .

(4) No limitations.--Nothing in this subsection shall be construed
to limit or restrict the authority of the Director of the Bureau of
Prisons under section 3621.

Id. § 3624(c).

"The statutes, 18 U.S.C. §§ 3621(c) and 3624(b), grant the BOP sole

discretion to transfer a prisoner to an RRC for a period not to exceed

twelve months.  In exercising this discretion, the BOP must in good faith

16

consider the five factors enumerated in § 3621(b)."   <u>Yannucci v. Stansberry</u>, No. 2:09-CV-561, 2009 WL 2421546, slip op. at *4 (E.D. Va. July 28, 2009) (Smith, J.) (copy attached) (citing <u>Miller v. Whitehead</u>, 527 F.3d at 758; <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 251 (3d Cir. 2005)).   "These reviews comply with the requirements of the statute and [the petitioner] has received the due process to which he is entitled." <u>Id.</u>

However, Program Statement 7310.04 precludes inmates from Community Corrections programs, including the home detention which Carpenter seeks if the inmate has "unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement." Figgsganter Decl. (Ex. 1); Program Statement 7310.04, <u>Community Corrections Center (CCC) Utilization and Transfer Procedure</u> §10(f) (Attach. C) at 10-11.

Here, Carpenter received an individualized review in accordance with 18 U.S.C. § 3621(b) for potential RRC placement or release to home confinement.  <u>See</u> Figgsganter Decl. (Ex. 1); RRC Consideration (Attach. D).  This review also involved consideration of the BOP's Policy

related to the standards for release and or transfer to community confinement.  See id.

Carpenter's current thirty-six-month sentence for a federal wire fraud conviction with additional federal charges pending against him at the time of the review are pertinent facts when contemplating Community Corrections program resources, the history of this inmate's current offense and of his particular history and characteristics which render him ineligible for RRC placement or home detention.  See id.

Indeed, sentencing looms his conviction of forty-seven counts of wire fraud, mail fraud, money laundering, illegal monetary transactions and conspiracy which occurred after being denied RRC placement and home detention.  See United States v. Carpenter, D. Conn. Case No. 3:13-CR-226, Verdict and Special Findings, ECF No. 212 (provided as Attach. E to Ex. 1).  This verdict reinforces the decision to deny him Community Corrections programming because, at the time of the decision, prison officials believed the pending charges were likely to lead to his conviction.  See Figgsganter Decl. (Ex. 1); RRC Consideration (Attach. D).  Carpenter's claim that his conviction renders his exclusion of home confinement invalid because he now no longer has pending

charges against him is meritless.  As explained by the Warden, expenditure of limited resources for Community Corrections programs is unnecessary and inappropriate for an inmate who is likely to receive an additional sentence in the not-too-distant future.  <u>See</u> Pet. (Doc. 1) at 11, 15.

Therefore, should the Court not dismiss the Petition for Carpenter's failure to exhaust administrative remedies, it should deny relief based on the merits analysis stated above.

## V.  Conclusion

In light of the aforementioned, this Court should dismiss or deny the habeas corpus petition.

Respectfully submitted,

BRUCE D. BRANDLER
United States Attorney

s/ Mark E. Morrison
Mark E. Morrison
Assistant U.S. Attorney
PA 43875
Cynthia E. Roman
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17701
Phone:  717-221-4482
Fax: 717- 221-4493
Mark.E.Morrison@usdoj.gov

Dated:  December 21, 2016

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYVANIA

| | | |
|---|---|---|
| **DANIEL CARPENTER,** | : | **NO. 3:16-cv-2327** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **(Kosik, J.)** |
| | : | |
| **J. BALTAZAR,** | : | |
| **Respondent** | : | **Electronically Filed** |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on December 21, 2016, she served a copy of the attached

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:
Daniel Carpenter
Reg. No. 90792-038
USP Canaan Satellite Camp
P.O. Box 200
Waymart, PA 18472

s/ Anice F. Ostrom
Anice F. Ostrom, Contractor
Data Analyst Legal Assistant
Forfeiture Support Associates