# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL CARPENTER, | : | Civil No. 3:16-cv-2327 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN J. BALTAZAR, | : | |
| Respondent | : | |

## **MEMORANDUM**

**I.    Background**

On November 21, 2016, Petitioner, Daniel Carpenter, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' ("BOP") decision to deny him a period of home confinement or placement in a Residential Re-Entry Center at the end of his sentence. (Doc. 1). At the time his petition was filed, Carpenter was confined at the Canaan United States Penitentiary, Waymart, Pennsylvania. (*Id.*). For relief, Carpenter requests early release to a halfway house, placement in a Residential Re-entry Center, or home confinement. (*Id.* at pp. 5-6).

On May 10, 2017, Respondent filed a suggestion of mootness stating that Carpenter was released from BOP custody on January 26, 2017. (Doc. 14; Doc. 14-1, Inmate Locator). Thus, Respondent asserts that no further relief is available to Carpenter and the habeas petition should be dismissed as moot. (*Id.*). For the reasons set forth below, the Court will dismiss the petition as moot.

## II. Discussion

Article III of the Constitution provides that the "judicial Power shall extend to. . . Cases. . . [and] to Controversies." U.S. CONST. art. III, § 2. "This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of 'actual, ongoing cases or controversies.' *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 192-93 (3d Cir. 2001). The mootness doctrine is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must e dismissed as moot.' *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). Moreover, the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review. *See Khodara Envtl., Inc.*, 237 F.3d at 193 (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990))." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001). Finally, federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Once a petitioner has been released from custody, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).

In the instant petition, Carpenter seeks early release to a halfway house, placement

in a Residential Re-entry Center, or home confinement. (Doc. 1). On January 26, 2017, Carpenter was released from federal custody. *See* (Doc. 14-1, Inmate Locator). Carpenter's petition for writ of habeas corpus has been rendered moot by virtue of his release from custody. Moreover, Carpenter has not alleged nor can the Court perceive of any collateral consequences to maintain his habeas petition. As there is no longer a live case or controversy, and Carpenter has received the relief he requested, namely release, the petition for writ of habeas corpus will be dismissed as moot.

A separate Order shall issue.

Date: May 11, 2017

Robert D. Mariani
United States District Judge