IN THE U.S. DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL CARPENTER,

Petitioner,

v.

J. BALTAZAR,
WARDEN, USP CANAAN,

Respondent.

Civ. No. 3:16-cv-2327

FILED
SCRANTON
MAY 22, 2017

PER _____
DEPUTY CLERK

## PETITIONER DANIEL E. CARPENTER'S
## MOTION TO RECONSIDER THE COURT'S DISMISSAL OF §2241 PETITION

### PRELIMINARY STATEMENT

As the Petitioner in the above captioned case, I am bringing this Motion for Reconsideration for the Court to review its immediate dismissal of my §2241 Petition, Doc. #1, literally the day after the government filed a Suggestion of Mootness. See Doc. #14 filed May 10, 2017, and this Court's decision filed May 11, 2017 as Doc. #15. By not allowing me to answer the government's Suggestion of Mootness, the Court has added to the palpable injury that I have sustained at the hands of the government in general and the people at USP Canaan specifically. I have filed no less than three BP-8 forms, four BP-9 forms, four BP-10 forms, and at least two if not three BP-11 forms before I filed my 2241 Writ of Habeas Corpus in November. The government dragged its heels yet again, and actually filed 30 pages of documents irrelevant to my case but dealing with another inmate. My reply was filed on January 5, 2017. See Doc. #11. But, instead of immediately ruling on my Motion for Injunctive Relief pursuant to Rule 56, the case just sat there under Judge Kosik until it was reassigned to Your Honor. I have absolutely no problem with the case being reassigned, but my Motion to Amend my 2241 Petition was totally ignored by the government and this Court. See Doc. #13 attached

1

as Exhibit One. Imagine my surprise that instead of addressing my Motion to Amend, the government instead filed a motion saying that they do not know where I am, despite the fact that I am on supervised release, in the government's computer, and that Canaan and Probation had to approve my home at 18 Pond Side Lane, West Simsbury, CT 06092 before I could be released from Canaan. For the government to say they had no idea where I could be located should not be countenanced by this Court.

I totally understand the Court's decision, but respectfully submit that the Court should grant my Motion for Reconsideration, allow me to submit my rationale for why my case is not moot, and then and only then should this Honorable Court dismiss my §2241 action as moot. If the Court does not give me a chance to explain my position, then it just gives the government the ability to frustrate every habeas petitioner by saying that "you have not exhausted all of your administrative remedies", delay ruling on each and every BP-8, BP-9, BP-10, and BP-11 for the 20-45 days on each filing, so that once the person files his petition, they can argue that the petitioner has not "exhausted" all of his remedies. Then once it is clear that he has exhausted all of his remedies, the prison can frustrate the petitioner once again by releasing him early before the court rules or they can file a "Suggestion of Mootness", which deprives the petitioner of having any court hear the merits of his case.

My original petition asked for my immediate release, injunctive relief, and legal fees which are still considerable despite the fact that I am a "*pro-se*" defendant. My claim for legal fees is certainly more than the $20 required by the Seventh Amendment, so I should be allowed to have a jury trial on at least that even if the Court is unwilling to hear anything else. But, I did file a Motion to Amend seeking damages of $10,000 per day from October 10, 2016 to January 26, 2017. If the Court wishes me to refile that action as a *Bivens* motion instead of a 2241

Petition, I am happy to do that. However, in the final analysis, I am asking for a Declaratory Judgment from the Court that what Warden Baltazar did was wrong and he violated the Second Chance Act under 18 U.S.C. §3624(c), and there is nothing "moot" about that. This Court needs to hear my reply brief and then make its decision. That is all that I am asking the Court to do.

## LEGAL STANDARD

A district court may reconsider a final order under Rule 60(b)(6) for "any other reason that justifies relief", including the "interests of justice." *See Tozer v. Charles A. Krause Mill Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (noting that a Rule 60(b) motion should be granted when "the interests of justice are best served." With the utmost respect, I am asking the Court to reconsider its dismissal of my case, because the alacrity with which the Court ruled the day after the government filed while ignoring my motions for five months seems to be "inconsistent with due process." See *Union Switch & Signal Div. Am. Standard, Inc. v. United Elec. Radio and Mach. Workers of Am. Local 610*, 900 F.2d 608, 612 (3d Cir. 1990).

There is no question that this Court has the ability to reconsider its decision to dismiss my Petition. It has been often noted that Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice." *Burkett v. Cunningham*, 826 F.2d 1208 (3d Cir. 1987), "exceptional circumstances justify relief under Rule 60(b) for diligent, incarcerated habeas petitioner." A district court's discretion is "especially broad under subdivision (6)." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977).

## ARGUMENT

My January 5, 2017 Reply Brief (Doc. #11) makes perfectly clear that above all else, I was seeking a Declaratory Judgment from this Court that my rights had been violated and that the Respondent, Warden Baltazar, had not performed a "Good Faith Analysis" as required by the

law under §3624(c). See Doc. #11, pages 10-11. Clearly, the Court should understand if I had been administratively appealing to Warden Baltazar since June of 2016 to receive Halfway House or Direct Placement to Home Confinement, by January 5, 2017, both the Warden and I knew that I had three weeks to go at Canaan. Warden Baltazar could have ordered my release to Home Confinement that day, but he chose not to. I was eligible for Halfway House under the Second Chance Act in February of 2016, but the former Warden denied that request despite two federal judges suggesting to the Warden that I should be allowed to be in a Halfway House in Hartford for a trial rather than being detained in a detention facility in Rhode Island. When I filed my Motion to Amend my complaint, I was only suing the Warden for $10,000 a day for the period starting October 10, 2016 because that is when I would have left the Halfway House for Home Confinement. As it turns out, Connecticut Probation had approved my home in Simsbury, Connecticut for Home Confinement in December of 2015. It is outrageous that Warden Baltazar kept me at Canaan for 14 months after that for no good reason whatsoever. I received neither Halfway House nor Home Confinement.

I understand that, as explained in *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. Feb. 18, 2009), in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. §2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." *Id.* However, once the petitioner has been released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Id. See also United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008). *See Burgess v. Ebbert*, Civ. No. 3:CV-15-1164 (M.D. Pa. Dec. 2, 2016) at *2.

My Petition asked for legal fees and a Declaratory Judgment saying that what Warden Baltazar did was wrong. There is nothing moot about my Petition. I should be allowed to

4

explain all of the collateral damage done to me by Respondent's actions. Therefore, I respectfully ask this Court to grant this Motion to Reconsider and allow me to amend my complaint to sue for $10,000 a day in damages for denying me my right to Home Confinement or in the alternative, instruct me to file a new *Bivens* action with the Court. I will respect the Court's decision either way, but this Motion for Reconsideration should be granted in the interests of justice.

Respectfully submitted,

/s/ Daniel E. Carpenter
Petitioner, *pro se*
Daniel E. Carpenter
18 Pond Side Lane
West Simsbury, CT 06092

# EXHIBIT ONE

Case 3:16-cv-02327-RDM-CA   Document 17   Filed 05/23/17   Page 6 of 7

# IN THE U.S. DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL CARPENTER,

Petitioner,

Civ. No. 16-cv-02327

v.

J. BALTAZAR,
WARDEN, USP CANAAN,

Respondent.

FILED
SCRANTON

APR 0 7 2017

PER _____ DEPUTY CLERK

## REQUEST TO AMEND PETITION
## FOR HABEAS RELIEF UNDER 28 U.S.C. § 2241

NOW COMES THE PETITIONER, DANIEL CARPENTER, by himself, *pro se*, to respectfully request this Court grant him leave to file an amended Section 2241 Petition under the Federal Rules of Civil Procedure, Rule 15. Petitioner looks to have this Court require that the Respondent pay damages in the amount of $10,000 per day to be assessed for every day of unlawful incarceration from October 10, 2016 through January 26, 2017, inclusive, as this is the time period that the Petitioner should have been on Home Confinement pursuant to 18 U.S.C. §3624. Despite the fact that he is no longer incarcerated at Canaan, the Petitioner firmly believes the favorable adjudication of this case will be important to every Federal prisoner in America in determining Home Confinement and Halfway House recommendations under the Second Chance Act going forward. Please use the new address below.

Date:  April 6, 2017

Daniel Carpenter
Petitioner, *pro se*
18 Pondside Lane
West Simsbury, CT 06092