BDB:MAS:cer

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL CARPENTER,** | : | NO. 3:16-cv-2327 |
| Petitioner | : | |
| | : | |
| v. | : | (Kosik, J.) |
| | : | |
| **J. BALTAZAR,** | : | |
| Respondent | : | Electronically Filed |

### RESPONDENT'S BRIEF IN OPPOSITION
### TO PETITIONER'S MOTION FOR RECONSIDERATION

This brief is filed to oppose a Rule 60(b)(6) motion for reconsideration by Petitioner, Daniel Carpenter, of the Court's May 11, 2011 Memorandum and Order (Docs. 15-16) dismissing his habeas corpus action as moot due to Petitioner's release from federal incarceration.

## I.    Procedural History

Carpenter's habeas corpus petition challenged the Bureau of Prisons' decision to deny him a period of home confinement or placement in a Residential Re-Entry Center (RRC) at the end of his sentence. Doc. 1, Pet.  The request for relief in the petition clearly states he seeks only a request for early release on home confinement.  Id. at 5-6.

Respondent initially opposed the petition on the basis that Carpenter failed to exhaust administrative remedies before he filed his petition or, alternatively, because the decision to deny Community Corrections programs based on Carpenter's history of pending federal charges is consistent with BOP policy and the BOP has sole discretion with respect to those decisions.[1] Doc. 10, Resp. Carpenter filed a traverse on January 5, 2017. Doc. 11, Traverse.

Additionally, Carpenter filed a motion to amend his petition on April 7, 2017. Doc. 13, Mot. to Am. In that document, he informed the Court of his release from prison, but sought to amend his petition to seek monetary damages in the amount of $10,000 for every day he believes he should have served on home confinement rather than in prison. Id. Respondent filed a Suggestion of Mootness on May 10, 2017 in light of Carpenter's January 26, 2017 release from prison. Doc. 14, Suggestion of Mootness.

---

[1] Petitioner states the government attached exhibits concerning another inmate to the response. Upon further review, due to clerical error, the United States Attorney's Office attached incorrect exhibits in support of the initial response. However, that error does not affect the arguments presented to oppose the petition. In order to correct the record in this case, the correct exhibits are attached hereto.

The Court dismissed the petition on May 11, 2017 as moot. Doc. 14, Mem.; Doc. 16, Order. Carpenter opposes that decision with a Rule 60(b) motion for reconsideration on May 23, 2017. Doc. 17, Mot. for Recons. He asserts a case in controversy remains because, in addition to his request for home confinement, he also sought attorney's fees and declaratory relief.[2] Id. at 4-5. He asks the Court to instruct him if he needs to file a civil rights action for the damages claimed in his motion to amend. Id. at 5.

---

[2] Carpenter does not cite to a particular document wherein he seeks attorney's fees and declaratory relief. However, the petition contains only a request for release on home confinement.

## II.  Question Presented

Whether the court should deny the motion for reconsideration because Carpenter fails to state a basis for relief.

## III.  Argument

### A.  Rule 60(b)(6) relief is only invoked upon showing of "exceptional circumstances."

Federal Rule of Civil Procedure 60(b)(6) provides that the Court may relieve a party from an order upon the showing of "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is best described as "a catchall provision which allows a court to relieve a party from the effects of an order for 'any other reason justifying relief from the operation of the judgment.'" Coltec Indus, Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (quoting Fed. R. Civ. P. 60(b)(6)). However, the Third Circuit has consistently held that Rule 60(b)(6) "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Pappas v. Warden USP Allenwood, 608 Fed. App'x 122, 123 (3d Cir. 2015) (per curiam) (denying motion for reconsideration of district court decision to deny federal inmate habeas relief based on challenge to decision of Discipline Hearing Officer) (Coltec, 280 F.3d at 273). See also Budget Blinds, Inc. v. White, 536 F.3d

4

244, 255 (3d Cir. 2008); United States Steel Corp. v. Fraternal Ass'n of Steel Haulers, 601 F.2d 1269, 1274 (3d Cir. 1979); Marshall v. Bd. of Educ., Bergenfield, N.J., 575 F.2d 417, 425 (3d Cir. 1978).

**B.     Carpenter is not entitled to habeas relief.**

The decision to dismiss Carpenter's habeas petition based on his release from federal imprisonment is proper as habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Monetary damages are properly pursued in a civil rights action against the appropriate defendants. See id. Therefore, the court properly dismissed Carpenter's petition, which sought only release from prison on home confinement. Doc. 1, Pet.

Further, if the court were to convert his case to a civil rights action, or if Carpenter were to independently file a separate civil rights action, he would be obligated to pay the full $350.00 filing fee before proceeding with his case because he is no longer entitled to be considered for in forma pauperis status.

Based on the aforementioned, the court should deny the motion for reconsideration because Carpenter cannot establish the "exceptional circumstances" required for Rule 60(b)(6) relief.  <u>Coltec</u>, 280 F.3d at 273.

## V.  Conclusion

In light of the aforementioned, this Court should deny Carpenter's motion for reconsideration.

                Respectfully submitted,

                BRUCE D. BRANDLER
                United States Attorney

                <u>s/ Melissa A. Swauger</u>
                Melissa A. Swauger
                Assistant United States Attorney
                PA 82382
                Cynthia E. Roman
                Paralegal Specialist
                316 Federal Building
                240 West Third Street
                Williamsport, PA 17701
                Phone:  717-221-4482
                Fax: 717- 221-4493
                Melissa.swauger@usdoj.gov

Dated:  June 8, 2017


# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYVANIA

| | | |
|---|---|---|
| **DANIEL CARPENTER,** | : | NO. 3:16-cv-2327 |
| Petitioner | : | |
| | : | |
| v. | : | (Kosik, J.) |
| | : | |
| **J. BALTAZAR,** | : | |
| Respondent | : | Electronically Filed |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on June 8, 2017, she served a copy of the attached

## RESPONDENT'S BRIEF IN OPPOSITION
## TO PETITIONER'S MOTION FOR RECONSIDERATION

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:
Daniel Carpenter
18 Pond Side Lane
West Simsbury, CT 06092

s/ Cynthia E. Roman
CYNTHIA E. ROMAN
Paralegal Specialist