# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL CARPENTER, | : Civil No. 3:16-cv-2327 |
| Petitioner | : (Judge Mariani) |
| v. | : |
| WARDEN J. BALTAZAR, | : |
| Respondent | : |

## MEMORANDUM

I. **Background**

On November 21, 2016, Petitioner Daniel Carpenter ("Carpenter"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' ("BOP") decision to deny him a period of home confinement or placement in a Residential Re-Entry Center at the end of his sentence. (Doc. 1). At the time his petition was filed, Carpenter was confined at the Canaan United States Penitentiary, in Waymart, Pennsylvania. (*Id.*). For relief, Carpenter requested early release to a halfway house, placement in a Residential Re-entry Center, or home confinement. (*Id.* at pp. 5-6). On May 10, 2017, Respondent filed a suggestion of mootness stating that Carpenter was released from BOP custody on January 26, 2017. (Doc. 14; Doc. 14-1, Inmate Locator). On May 11, 2017, the Court dismissed the habeas petition as moot. (Docs. 15, 16).

Presently before the Court is Carpenter's motion (Doc. 17) for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b)(6) regarding the dismissal of his petition.

For the reasons set forth below, the Court will deny the motion for reconsideration.

## II. Standard of Review

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. *See* FED. R. CIV. P. 60(b); *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005). The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). The decision to grant or deny relief pursuant to Rule 60(b) lies in the "sound discretion of the trial court", and is guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Associates, Inc. v. Nemours Foundation*, 865 F.2d 530, 548 (3d Cir. 1988).

The first five subdivisions of Rule 60(b) delineate specific circumstances which may justify relief from final judgment.[1] The final subdivision, 60(b)(6), serves as the "catchall

---

[1] The first five subdivisions of Rule 60(b) provide as follows:

On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable

FED. R. CIV. P. 60(b)(1)-(5).

provision" of Rule 60(b). *See Coltec Industries, Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). Rule 60(b)(6) permits a party to seek reconsideration for "any other reason [other than the specific circumstances set out in Rules 60(b)(1)-(5)] that justifies relief" from the operation of the judgment. *See* FED. R. CIV. P. 60(b). Further, Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapport v. United States*, 335 U.S. 601, 614-15 (1949). Rule 60(b)(6) is only to be invoked in the most "extraordinary circumstances, where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993). The Supreme Court has stated that extraordinary circumstances justifying 60(b)(6) relief "will rarely occur in the habeas context." *Gonzales*, 545 U.S. at 535.

### III. Discussion

In the instant motion for reconsideration, Carpenter argues that reconsideration is warranted because a case in controversy remains because, in addition to his request for home confinement, he also sought attorney's fees and declaratory relief. (Doc. 17). Additionally, he requests that the Court advise him if he should file a civil rights action for his damages claim. (*Id.*). In opposition to Carpenter's motion, Defendants argue that he is not entitled to reconsideration because he cannot establish the "exceptional circumstances" required for Rule 60(b)(6) relief. (Doc. 18).

A review of the Court's May 11, 2017 Memorandum and Order dismissing the habeas petition reveals that the following was concluded:

> Article III of the Constitution provides that the "judicial Power shall extend to. . . Cases. . . [and] to Controversies." U.S. CONST. art. III, § 2. "This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of 'actual, ongoing cases or controversies.' *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 192-93 (3d Cir. 2001). The mootness doctrine is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.' *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). Moreover, the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review. *See Khodara Envtl., Inc.*, 237 F.3d at 193 (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990)." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001). Finally, federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Once a petitioner has been released from custody, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).
>
> In the instant petition, Carpenter seeks early release to a halfway house, placement in a Residential Re-entry Center, or home confinement. (Doc. 1). On January 26, 2017, Carpenter was released from federal custody. *See* (Doc. 14-1, Inmate Locator). Carpenter's petition for writ of habeas corpus has been rendered moot by virtue of his release from custody. Moreover, Carpenter has not alleged nor can the Court perceive of any collateral consequences to maintain his habeas petition. As there is no longer a live case or controversy, and Carpenter has received the relief he requested, namely release, the petition for writ of habeas corpus will be dismissed as moot.

(Doc. 15, pp. 2-3).

In the motion for reconsideration, Carpenter fails to satisfy his burden of proving extraordinary circumstances to justify granting relief. In support of his motion, Carpenter argues that his habeas petition is not moot because, in addition to his request for home confinement, he also seeks attorney's fees and declaratory relief.[2] (Doc. 17, p. 2). Carpenter requests monetary damages in the amount of $10,000.00 per day for every day he believes he was unlawfully incarcerated. (*Id.*). That request for relief does not save his petition from being moot because money damages are not available in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release – the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy"); *Marine v. Quintana*, 347 F. App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action). *See also* Federal Habeas Manual § 13:4 ("it must be remembered that habeas corpus is not a compensatory remedy. 'The object is not to make whole someone who has suffered a loss; it is to determine whether a person is being confined in violation of basic norms of legality.'") (citation omitted).

Carpenter additionally requests that the Court re-characterize his habeas petition as a civil rights complaint so as to avoid dismissal and reopen this action. (Doc. 21, p. 2).

---

[2] The habeas petition contains only a request for release on home confinement. (Doc. 1, pp. 5-6). A subsequent filing contains a claim for monetary relief against Respondent. (Doc. 13).

However, because a claim for money damages is not available in a habeas action, any re-characterization of the habeas petition is unnecessary and inappropriate. Furthermore, this would allow Carpenter to proceed with paying only the $5.00 filing fee, as opposed to the $350.00 filing fee imposed for all other civil actions, and would circumvent the filing fee requirements of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996).[3]

Based on the foregoing, Carpenter has failed to show extraordinary reasons justifying relief and his Rule 60(b)(6) motion will be denied. *See Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (the movant under Rule 60(b) bears a heavy burden of proof that extraordinary circumstances are present).

A separate Order shall issue.

Date: January ___, 2018

Robert D. Mariani
United States District Judge

---

[3] The Court expresses no opinion as to the merits, if any, of any civil rights claim Carpenter may file based upon the claims asserted herein.